UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TRAVIS SCOTT LOUDERMELT,           ) | |
| ) | |
| Plaintiff,           ) | Civil Action No. 6:18-CV-180-CHB |
| ) | |
| v.           ) | |
| ) | **ORDER GRANTING REMAND** |
| PROGRESSIVE DIRECT INSURANCE   ) | |
| COMPANY,           ) | |
| ) | |
| Defendant.           ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on plaintiff's Motion to Remand to Whitley Circuit Court [R. 4]. On May 8, 2018 Plaintiff Travis Scott Loudermelt brought suit against Defendant Progressive Direct Insurance Company claiming they improperly failed to honor an insurance contract covering plaintiff's automobile which was destroyed in an accident. [R. 1-2] On June 18, 2018 the defendant removed this case to federal court. [R. 1] Because the defendant's proof as to the value of the car underlying plaintiff's claims for "total loss" insurance coverage does not show by a preponderance of the evidence that the amount in controversy requirement is satisfied, the motion to remand is granted.

**I.   Background**

A defendant may remove a civil action from state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original diversity jurisdiction over civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different States." *See* 28 U.S.C. § 1332(a)(1). A court considers

whether federal jurisdiction existed at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The complaint does not include a requested amount of damages as the Kentucky Rules of Civil Procedure prohibit plaintiffs from stating a specific amount that they seek to recover in their complaint. Ky. R. Civ. P. 8.01(2). In such a situation "[t]he party seeking removal bears the burden of demonstrating that the district court has original jurisdiction," and it "must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (quotations omitted). Because the complaint cannot state an amount in controversy, the court must find, by a preponderance of the evidence, that the amount in controversy requirement is met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). When analyzing a complaint for unspecified damages a court is to give the complaint a "fair reading" to ascertain whether the requisite amount has been placed in controversy. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560 (6th Cir. 2001). Further, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered … unless it is apparent to a legal certainty that such cannot be recovered." *Id*. at 572. Finally, federal courts are courts of limited jurisdiction and removal statues are to be construed narrowly with doubts about the propriety of removal resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

**II. Analysis**

Complete diversity of parties is undisputed and therefore the only question is the value of the plaintiff's claims.

In his complaint plaintiff brings claims for compensatory damages and attorney's fees for alleged violations of the Kentucky Unfair Claims Settlement Practice Act and the Kentucky

Consumer Protection Act, common law bad faith and breach of contract, and punitive damages pursuant to Kentucky Revised Statutes ("KRS") §§ 411.184, 411.186. [R. 1-2 at p. 4]  As attorney's fees are provided for under both the Kentucky Unfair Claims Settlement Practice Act and the Kentucky Consumer Protection Act, they are included in the calculation regarding the amount in controversy. *See, e.g.*, *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007). Because plaintiff claims that defendant acted with "oppression, fraud, and malice" [R. 1-2 at p. 7] punitive damages may be proven at trial. *Anderson v. Wade*, 33 F. App'x 750 (6th Cir. 2002) (citing KRS §§ 411.184, 411.186).  Therefore, at this stage "it is [not] apparent to a legal certainty that [punitive damages] cannot be recovered" and they must be considered in the amount in controversy calculation. *Hayes*, 266 F.3d at 572.

In his state law complaint plaintiff claims that his vehicle suffered a "total loss" following an accident on or about July 15, 2017. [R. 1-2 at p. 5]  As discussed above, plaintiff's state law complaint does not put a firm value on his claim.  In order to show that the amount in controversy requirement has been met defendant attached to its notice of removal a VIN Report indicating that the car was "listed for sale in 2016 at values ranging from $48,488 to $55,988." [R. 1 at p. 2].  Importantly, the last price listed on the report is for $55,988 on September 1, 2016, approximately ten months before the plaintiff's accident. [R. 1-1 at p. 4]  While defendant offers this VIN Report to show the value of plaintiff's claims, in his motion for remand plaintiff offers no identifiable facts to show the value of the car and instead vaguely states twice that this is only a "$25,000 insurance claim." [R. 4-1 at pp. 10, 11]

The propriety of subject matter jurisdiction in this case turns on the value of plaintiff's car. Should compensatory damages come to $55,988, as defendant claims is more likely than not due to the most recent sales listing of the car, the addition of punitive damages alone at a reasonable

1:1 ratio would assure that more than $75,000 has been placed in controversy. *See, e.g.*, *Hollon v. Consumer Plumbing Recovery Center*, 417 F. Supp. 2d 849, 853 (E.D. Ky. 2006) (assuming a 1:1 punitive damages ratio for the purpose of determining the amount in controversy for a motion to remand).  If on the other hand the value of the car has decreased greatly in the time between the listing of the car on the VIN Report and the accident, as the plaintiff vaguely claims, the Court is doubtful that the required amount in controversy would be met even with the addition of reasonable attorney's fees and punitive damages.

Ultimately, the Court finds that the defendant's proof of the car's value at the time of the accident fails to show by a preponderance of the evidence that the amount in controversy requirement has been met.  While the defendant has shown some proof of the car's value, some proof is not enough as "[s]crupulously guarding the limited jurisdiction of federal courts is most important when defendants remove cases from state court." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 950 (E.D. Ky. 2010).  The only evidence of the car's value is a set of sales prices whose last listing is from nearly a year before the accident.  Without more, the Court is doubtful as to the propriety of subject matter jurisdiction and as such must resolve this motion in favor of remand.

Having reviewed the Motion [R. 4] and the Response [R. 5], and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** as follows:

1. The Motion for Remand [**R. 4**] is **GRANTED**.

2. This case shall be remanded back to Whitley Circuit Court.

This the 18th day of October, 2018.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY